UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

               Plaintiff,

v.                                               CASE NO. 3:11-cv-334-J-34JBT

RONALD TAYLOR, et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff Metropolitan Life Insurance Company's Unopposed Motion for Interpleader and for Dismissal from this Action with Prejudice ("the Motion") (Doc. 8). In the Motion, Plaintiff seeks an order (i) approving its Complaint in Interpleader; (ii) dismissing it with prejudice from this action; (iii) discharging it from any further liability for the subject benefits and interest; (iv) restraining and enjoining Defendants from bringing any action against it for the recovery of the subject benefits and interest; and granting other relief. (*Id.* at 5.)[2] Plaintiff certifies that Defendants do not object to any of the relief sought in the Motion. (*Id.* at

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] The Court has already granted Plaintiff's other request, which was for an order permitting it to pay the subject life insurance benefits, plus any applicable interest, into the Court's registry. (Doc. 8 at 5; Doc. 9.)

6.)[3] For the reasons stated herein, it is **RECOMMENDED** that the Motion be **GRANTED**.

I. **Subject Matter Jurisdiction**

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In the Complaint in Interpleader ("the Complaint"), Plaintiff alleges that the Court has jurisdiction over this action, in part, pursuant to 28 U.S.C. § 1335. (Doc. 1 at 2.) 28 U.S.C. § 1335 provides district courts with jurisdiction over a statutory interpleader claim if the following requirements are met:

> (1) the money or property in the Plaintiff's possession is valued at $500 or more; (2) 'two or more adverse claimants, of diverse citizenship' have claims or potential claims for the money or property in controversy; and (3) the Plaintiff deposited the money or property into the registry of the Court or gave a bond payable to the Clerk in the amount of such money or property.

*Great Am. Life Ins. Co. v. Vanlandingham*, 2005 WL 214928, at *1 (M.D. Fla. Sept. 6, 2005). Regarding the second requirement, it requires only "'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967); *see also Ohio Nat'l Life Assurance Corp. v. Langkau*, 353 F. App'x 244, 249 (11th Cir. 2009) ("§1335 requires only minimal diversity among the claimants, that is, at least one claimant must be of diverse citizenship from another claimant."). As to the third requirement, "[w]hen claims for a sum of money only

---

[3] None of the Defendants has made an appearance in the case.

are involved, [as opposed to property,] payment of the entire sum (or giving of a bond) is a condition precedent to the court's jurisdiction." *Austin v. Texas-Ohio Gas Co.*, 218 F.2d 739, 745 (5th Cir. 1955).

In the Complaint, Plaintiff alleges that it is a disinterested stakeholder of the proceeds of a group life insurance policy with a value of $34,556, to which the named Defendants have conflicting claims. (Doc. 1 at 4-5.)[4] Accordingly, the first requirement of 28 U.S.C. § 1335 is satisfied. The second requirement also appears to be satisfied, as Plaintiff alleges that at least two of the named Defendants, i.e., "adverse claimants," are of diverse citizenship. (Doc. 1 at 1-2 ("Defendant Ronald Taylor . . . is a citizen of Georgia residing in Coolidge, Georgia. . . . Defendant Patricia Bales-Thomsen is a citizen of Florida residing in Jacksonville, Florida.").) Finally, the third requirement is also satisfied because Plaintiff has deposited the policy proceeds, plus interest, into the Court's registry. (Docs. 10 & 11.) Accordingly, the Court has subject matter jurisdiction over this action.

## II. Interpleader in General

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Coop. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). "Interpleader action proceeds in two stages. At the first stage, the court determines whether interpleader

---

[4] Plaintiff deposited $35,535.88 into the Court's registry, which represents the policy proceeds plus all applicable interest. (Docs. 10 & 11.)

is proper and 'whether to discharge the stakeholder from further liability to the claimants.' At the second stage, the court evaluates 'the respective rights of the claimants to the interpleaded funds.'" *Langkau*, 353 F. App'x at 248 (citations omitted).

### III.  Discussion

As this case is presently at stage one of the interpleader process, the Court must determine whether interpleader is proper and whether to discharge Plaintiff from further liability to the claimants. In this regard,

> [t]he burden is on the party seeking interpleader to demonstrate that he is entitled to it. Although interpleader is available to a stakeholder even though no action has been brought against him nor any formal demand made upon him by some or all of the potential claimants, a prerequisite for the action is that the party requesting interpleader demonstrate that he has been or may be subjected to adverse claims.

*Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974) (citations omitted). In the present case, Plaintiff has sufficiently demonstrated its entitlement to interpleader. First, Plaintiff alleges in the Complaint that it is a disinterested stakeholder in the subject funds. (Doc. 1 at 5.) Second, Plaintiff has demonstrated that it may be subjected to adverse claims. As reflected in the Complaint, Defendants Bales-Thomsen and Dodds have each submitted to Plaintiff a statement of claim for the subject funds. (Doc. 1 at 4; *see also* Doc. 10 at 2 (stating that each of the four named Defendants intends to make a claim for the subject funds).) Accordingly, interpleader appears proper and it is recommended that the Motion be granted.

### IV.  Conclusion

For the reasons stated herein, the Court recommends that the Motion be

granted.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 8**) be **GRANTED**.

2. Plaintiff be **DISMISSED** from this action **with prejudice**.

3. Plaintiff, along with Norfolk Southern Corporation ("Norfolk") and the Norfolk Southern Corporation Comprehensive Benefits Plan ("the Plan"), be **DISCHARGED** from any further liability for the subject funds and/or any applicable interest.

4. Defendants be **RESTRAINED** and **ENJOINED** from instituting any action or proceeding in any state or federal court against Plaintiff, Norfolk, or the Plan for recovery of the subject funds and/or any applicable interest.

5. The Clerk of Court be **DIRECTED** to deposit the subject funds (*see* **Doc. 11**) into a special interest-bearing account pursuant to Rule 4.16 of the Local Rules for the Middle District of Florida.

**DONE AND ENTERED** at Jacksonville, Florida, on September 13, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Patricia Shiver
198 Whipowill Bend
Thomasville, GA 31757-4246

Christina Marie Dodds
P.O. Box 57072
Jacksonville, FL 32241

Patricia Bales-Thomsen
as Personal Representative of the Estate of Hansell Evans Taylor
10188 Scott Mill Road
Jacksonville, FL 32257

Ronald Taylor
3086 S. Pine Street
Coolidge, GA 31738-3127