UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                        CASE NO. 3:11-cv-334-J-34JBT

RONALD TAYLOR, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the undersigned pursuant to the Order of Referral referring this interpleader action for a report and recommendation regarding an appropriate resolution. (Doc. 21.) Pursuant to that Order, on March 30, 2012, the undersigned entered an Order Regarding Possible Summary Judgment ("Prior Order"). (Doc. 28.) The Prior Order explained to the pro se Defendants/Claimants what summary judgment is and the standard for entering summary judgment. (*Id*. at 1-4.)[2] The Prior Order then identified the material facts that may not be genuinely

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] All of the Defendants are appearing pro se. The amount of life insurance proceeds in dispute is $34,556.00. (Doc. 1 at 4.)

in dispute, and ordered the appropriate parties to present facts that support their contentions in order to avoid an adverse entry of summary judgment. (*Id*. at 4-7.) The Prior Order concluded:

> Unless a party can show a genuine issue of material fact that meets the standards set forth in this Order, the undersigned will likely recommend to the District Judge that summary judgment be entered in favor of Ms. Dodds. Any party opposing such a summary judgment must file a legal memorandum in response to this Order, and attach as exhibits any appropriate supporting evidentiary materials, by July 30, 2012. Failure to do so will indicate that such party does not oppose the contemplated summary judgment.

(*Id*. at 7.)[3]

No party responded to the Prior Order. Thus, the undersigned recommends that final summary judgment be entered in favor of Christina Marie Dodds.

**I.    Background**

Hansell Evans Taylor ("Decedent") died on July 17, 2010. (Doc. 1 at 4.) At the time of his death, Decedent was enrolled in a Norfolk Southern Corporation Comprehensive Benefits Plan ("Plan"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id*. at 2, 41.) The Plan established the right of Decedent to name his beneficiary, and states that the benefits will be paid to the party named on the latest beneficiary designation form on file. (*Id*. at 36.) Specifically, the Plan states:

> The "Beneficiary" is the person or persons you choose to receive any

---

[3] The Court gave the Defendants four months to respond to the Prior Order so they would have adequate time for discovery if needed.

>benefit payable because of your death.
>You make your choice in writing on a form approved by us.  This form must be filed with the records for This Plan.
>You may change the Beneficiary at any time by filing a new form with us.

(*Id.*)  The latest beneficiary designation form filed with Plaintiff Metropolitan Life Insurance Company ("MetLife") is dated April 26, 2008, and names Christina Marie Dodds as the sole beneficiary of the subject life insurance benefits.  (*Id*. at 48.)[4]

Both Dodds and Patricia Bales-Thomsen filed a statement of claim with MetLife for the Decedent's life insurance benefits under the Plan  (*Id.* at 57-60.) Bales-Thomsen contended that she should receive the life insurance proceeds under Mr. Taylor's Last Will and Testament ("Last Will") dated March 25, 2010 (Doc. 1 at 52-56). (Doc. 20 at 2.)  The Last Will purports to distribute Decedent's residuary estate to Bales-Thomsen, and states, "The failure of this Will to provide for any distribution to the following person(s) or organization(s) is intentional: Christina Marie Dodds-Including Railroad Life Insurance."  (Doc. 1 at 52-53.)

In the present case, there are four Defendants/Claimants: Dodds, Bales-Thomsen, who is sued as Personal Representative of the Estate of Decedent, Patricia Shiver (Decedent's daughter), and Ronald Taylor (Decedent's son).  In summary, Dodds claims she is entitled to the insurance proceeds because of the 2008 beneficiary designation, a 2007 will or codicil (Doc. 16 at 13-14, Doc. 27 at 5-9), and as Decedent's caretaker for five years (Doc. 16 at 3-8).  Bales-Thomsen

---

[4] Plaintiff was dismissed from this action on October 6, 2011.  (Doc. 15.)

contends she is entitled to those proceeds because of the 2010 Last Will. (Doc. 20.) Shiver believes she should get at least some of the proceeds because, as Decedent's daughter, she is more deserving than Dodds, who she characterizes as "an Abusive Caregiver,"[5] and Bales-Thomsen, who she characterizes as "a Brief Acquaintance." (Doc. 19 at 2.) Taylor has also made an apparent claim to the proceeds, but his reasoning in support of that claim is unclear. (Doc. 26.)

## II.   Analysis[6]

### A.   Summary Judgment Standard

Under Rule 56(f)(3) of the Federal Rules of Civil Procedure, after giving the parties notice and a reasonable time to respond, the Court may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." "'Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant'" if there were to be a trial. *Ellis v. England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005) (per curiam) (citation omitted). To prove there is a genuine dispute, a party must factually support his or her position. *See* Fed. R. Civ. P. 56(c). "An affidavit or declaration used to support or oppose [summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "[M]ere

---

[5] Dodds denies this allegation. (Doc. 27 at 2.)

[6] A substantially identical analysis was set forth in the Prior Order. (Doc. 28.)

conclusions and unsupported factual allegations" are insufficient to defeat summary judgment. *Ellis*, 432 F.3d at 1326. Summary judgment must be granted, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### B. Christina Marie Dodds Is the Sole Beneficiary.

Decedent's plan is governed by ERISA. *See Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 274 (3d Cir. 2007). This Circuit has mandated that, "'[t]he award of benefits under any ERISA plan is governed in the first instance by the language of the plan itself.'" *Liberty Life Assur. Co. of Boston v. Kennedy*, 358 F.3d 1295, 1302 (11th Cir. 2004) (citations omitted). Therefore, the language of the Plan controls the Court's decision. The Plan states that the benefits will be paid to the party named on the latest beneficiary designation form on file. (Doc. 1 at 36.)[7] Here, the latest beneficiary designation form filed under the Plan is dated April 26, 2008, and names Dodds as the sole beneficiary of the life insurance benefits. (*Id*. at 48.) Because no contesting party has presented facts to show that the beneficiary was validly changed or that this beneficiary designation is somehow invalid, the undersigned will recommend that summary judgment be entered in favor of Dodds.

---

[7] The only beneficiary designation forms in the record are the ones provided by MetLife as an attachment to the Complaint. (Doc. 1 at 48-49.) Additionally, the Complaint contains the only copy of the Plan or Summary Plan Description submitted to the Court. (*Id*. at 8-47.)

5

### i. **The Beneficiary Designation of Dodds Was Not Validly Changed.**

Bales-Thomsen contends that Decedent's Last Will controls the outcome of this case (Doc. 20 at 2), and that it disinherits Dodds from the life insurance benefits (Doc. 1 at 53). However, the Plan provides that a beneficiary designation is valid only "in writing on a form approved by [MetLife]." (*Id*. at 36.) Because the language of the Plan itself governs, *Liberty*, 358 F.3d at 1302, a subsequent change of beneficiary is not effective unless it is on a form approved by MetLife. Therefore, the language in the Last Will regarding the life insurance benefits is not an effective change of beneficiary.[8]

The result of *Liberty Life* is distinguishable because in that case the language of the plan allowed for a change of beneficiary by will. Based on the language of the plan, the Eleventh Circuit concluded:

> The "Change of Beneficiary" subsection requires that a beneficiary provide a signed written notice to Georgia-Pacific that he or she desires to change beneficiaries, but it does not require the beneficiary to use a designated form. ("The notice can be on forms approved by [Georgia-Pacific].")

*Liberty*, 358 F.3d at 1300 (emphasis omitted).

In this case, however, the pertinent plan language mandates use of a form approved by MetLife: "You make your choice in writing on a form approved by us." (Doc. 1 at 36.) Morever, use of an approved form is more than a technicality, as it is obviously meant to eliminate, or at least more easily resolve, disputes such as the

---

[8] MetLife took this same position in its letter to Defendants Dodds and Bales-Thomsen, dated October 12, 2010. (*See* Doc. 1 at 63-65.)

one in the case at bar. If the language of the Plan allowed a change of beneficiary by will, as the *Liberty Life* plan did, the Court might in turn have to determine the validity of two competing wills. Such a result can be avoided in the face of the subject Plan language.[9]

### ii. There Is No Evidentiary Support that Either Undue Influence or Forgery Occurred.

Bales-Thomsen alleges that the beneficiary designation form naming Dodds is a forgery and/or that it is a product of undue influence. (Doc. 1 at 61-62.) The rule that the Plan language controls does not apply when "the validity of the plan documents themselves [is] called into question by allegations of forgery and undue influence." *See Unicare Life & Health Ins. Co. v. Craig*, 157 F. App'x 787, 791-92 (6th Cir. 2005). However, documents that appear to be valid on their face are presumed to be valid against attacks based on undue influence. *See Sun Life Assurance Co. v. Tinsley*, 2007 WL 1052485, at *4 (W.D. Va. Apr. 4, 2007). Additionally, there is a "presumption of mental capacity in the insurance context." *Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1248 (10th Cir. 2001). Thus, a party may not rely on unsupported allegations of invalidity to defeat summary judgment. A party must submit evidence, such as affidavit(s) based on personal knowledge, that the beneficiary form is legally invalid. *See* Fed. R. Civ. P. 56(c). Because neither Bales-Thomsen nor any other Defendant has submitted any

---

[9] Although given an adequate opportunity to do so, no party has argued otherwise. In addition, there is no issue, as there was in *Liberty Life*, regarding possible inconsistency between the plan and the summary plan description. The only document submitted to the Court is Doc. 1, Ex. A, titled "Your Employee Benefit Plan." (Doc. 1 at 8-47.)

evidence of undue influence or forgery, the undersigned recommends that Summary Judgment is appropriate.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Final Summary Judgment be entered in favor of Christina Marie Dodds; and

2. The Clerk of Court be directed to pay the funds deposited in the Court's registry, along with any interest, (*see* Doc. 15 at 3), to Christina Marie Dodds.

**DONE AND ENTERED** at Jacksonville, Florida, on August 15, 2012.

*[signature]*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia M. Howard
United States District Judge

Counsel of Record

Pro Se parties